[No. 1269.]

## SILAS E. BURBANK, RESPONDENT, *v.* FRANK RIVERS, APPELLANT.

APPEAL — REQUISITES—TIME OF TAKING—MOTION FOR A NEW TRIAL— CLERICAL ERROR — MISNOMER — NUNC PRO TUNC ORDER. — Where the clerk, in entering an order overruling defendant's motion for a new trial, enters defendant's name as Henry Rives and Henry Rivers, instead of Frank Rivers, the latter being his true name, defendant is bound to take notice that the order was meant for his case; and, in the absence of proof that he was deceived or misled by mistake, the time within which he must take an appeal begins to run from the date of such entry, and not from that of an order *nunc pro tunc* correcting the mistake.

IDEM — NOTICE SUFFICIENT TO PUT PARTY ON INQUIRY — ORDINARY DILIGENCE.—Information which makes it the duty of a party to make inquiry, and shows where it may be made, is notice of all facts to which such inquiry would naturally lead. The law necessarily imputes to a litigant, knowledge of a fact of which the exercise of ordinary prudence and diligence must have apprised him.

APPEAL from the District Court of the State of Nevada, Washoe County.

R. R. BIGELOW, District Judge.

The facts are stated in the opinion.

*A. C. Ellis* and *James R. Judge,* for Appellant.

The time for appeal from an order denying a motion for a new trial does not commence to run until the order is actually entered in the minutes. (Civ. Pr. Act, Sec. 330; *In the Matter of the* 15*th Ave. Ext.,* 54 Cal. 179.)

The evident intent of our statute was that the party moving for a new trial should have notice of the fact that his motion was refused, and that he should have that notice from the minutes of the court, and it is absurd to say that his right of appeal, and to be heard upon the merits in this court, is cut off by some entry in the minutes in a totally different case, which upon its face, as it appears upon the minutes, is one in which the appellant here has no interest in, and which does not in any manner affect or concern him.

Until the *nunc pro tunc* order made by Judge Bigelow was entered in the minutes of the court, there was no right of appeal from the order denying the motion for new trial in this case. The language of the statute is that "within sixty days after the order is made and entered in the minutes of the court" a party shall have a right to appeal from the order, and this is the rule in California under a similar statute to ours. (*Trenouth* v. *Farrington,* 54 Cal. 273; *McLaughlin* v. *Doherty,* 54 Cal. 519; *Preston* v. *Hearst,* 54 Cal. 596; *Thomas* v. *Anderson.* 55 Cal. 43; *People* v. *Center,* 61 Cal. 191.)

*W. E. F. Deal,* for Respondent.

By the Court, HAWLEY, J.:

The title of this cause in the district court was *Silas. E. Burbank, Contestant,* v. *Frank Rivers, Contestee.* The case was tried before Hon. William M. Boardman, District Judge. Judgment therein· was rendered in favor of respondent. Upon an appeal taken therefrom the judgment of the district court was affirmed. (*Burbank* v. *Rivers,* 20 Nev. 81.) Thereafter appellant moved the district court, Hon. R. R. Bigelow presiding as district judge, to decide his motion for a new trial which had previously been submitted to Judge Boardman. In the mean time respondent moved the court to correct the mistake made

by the clerk in entering an order made by Judge Boardman denying appellant's motion for a new trial.    These motions were heard and considered by the court at the same time.    This appeal is taken from the order made in said cause which was entered in the minutes of the district court " on the 30th day of January, 1888, as of the eighth day of October, 1886," denying appellant's motion for a new trial of said cause    The record on appeal from this order is as follows:    " It appearing to the satisfaction of this court from the records of this court in this action, as well as from other records of this court, and also from affidavits on file herein, and from the testimony of Hon. William M. Boardman, late judge of this court, and from the testimony of Thomas V. Julien, clerk of this court, that the district court of the seventh judicial district of the state of Nevada, in and for the county of Washoe, on the eighth day of October, 1886, made an order denying the motion of Frank Rivers, contestee in said action, for a new trial therein, which motion had been before that date submitted to said court for its decision upon stipulation of counsel for the parties therein without argument; and that the clerk of said court by mistake in entering said order in the minutes of the court wrote the name of Frank Rivers, contestee in said action, 'Henry Rives,' in the title of said action, and in the body of said order, said clerk, by mistake, wrote the name of said contestee, 'Henry Rivers,' and 'Henry Rives,' instead of Frank Rivers: it is therefore ordered that such minutes of said court of October 8, 1886, be, and the same are hereby, ordered to be corrected, and are hereby corrected, so as to conform to .the truth, and to the order and decision of said court made on the eighth day of October, 1886, and so as to read as follows :    '[Title of Court.] *Silas E. Burbank, Contestant*, vs.  *Frank Rivers, Contestee*.    The motion of Frank Rivers, the contestee herein, for a new trial, having been heretofore submitted to the court for decision by stipulation of counsel, without argument, and the court being fully advised in the premises, it is ordered that the motion of the said Frank Rivers, contestee herein, for a new trial of this cause, be, and the same is, overruled and denied.    Wm. M. Boardman, District Judge.'    It is further ordered that the order, as above corrected and set forth, be entered as on the eighth day of October, 1886, when said order was in fact made.

It is further ordered that the motion of said Frank Rivers, asking this court to decide the said motion for a new trial, be; and the same is hereby, denied; as it appears from the record that said motion was denied by this court on the eighth day of October, 1886.     R. R. Bigelow, District Judge.     January 30, 1888."

The facts which were presented to Judge Bigelow by the other records of the court, the affidavits on file, and the testimony of Hon. William M. Boardman, and of the clerk of the court, are not before us; and we are therefore bound to presume that the evidence was sufficient to justify the order made by Judge Bigelow.     Is this appeal from the order overruling appellant's motion for a new trial taken in time?     "An appeal may be taken  *  *  *  from an order refusing a new trial  *  *  *  within sixty days after the order is made and entered in the minutes of the court."     (Civ. Pr. Act, Sec. 330; Gen. Stat. 3350.)     "The theory of this appeal is," as stated in appellant's brief, "that, as matter of fact and law, the appellant's motion for new trial was never overruled until the 30th day of January, 1888; that an order entered by Judge Boardman,  *  *  *  in a case entitled *Silas E. Burbank* v. *Henry Rives* was not and could not, as matter of law, be an order in a case against Frank Rivers; that such an order entered in the minutes or filed in the case could not as matter of law, and did not as matter of fact, impart notice to Frank Rivers, or his attorney, that the motion in his case for a new trial had been overruled; that Frank Rivers *was not bound to take notice*, from the entry of such an order in the minutes, (he not being present in court when the order was rendered,) that it was, or was intended by the judge or clerk to be, an order in his case;  *  *  *  that as no such order was in fact entered until the 30th of January, 1888, when Judge Bigelow made a substitute order in the case at bar, denying a motion for a new trial, and caused that order to be entered in the minutes *in lieu of the one in the case of Henry Rives,* entered by the clerk while Boardman was judge, the time for appeal from the order denying the new trial in this case did not commence to run until from and after the 30th of January, A. D. 1888."     This theory can only be maintained upon the ground that the order made by Judge Boardman was never in fact entered in the minutes of the court; that the pretended entry was a nullity.     Unless

there was an absolute failure to enter that order in the minutes of the court until the *nunc pro tunc* order of Judge Bigelow was made, the contention of appellant cannot prevail. It is not pretended that appellant did not have notice that his motion for a new trial had been denied by Judge Boardman more than 60 days prior to the making and entry of the *nunc pro tunc* order of Judge Bigelow. His contention simply is that the record entry did not impart any notice to him. That is a question to be determined upon the facts. In the absence of any showing to the contrary, we are bound to presume that appellant was informed of the fact that Judge Boardman had overruled his motion for a new trial. Having such notice, it was his duty to inform himself whether the entry thereof had been made in the minutes, and, if he performed this duty, he would have ascertained the true state of the facts. Information which makes it the duty of a party to make inquiry, and shows where it may be made, is notice of all facts to which such inquiry would naturally lead. The law necessarily imputes to a litigant knowledge of a fact of which the exercise of ordinary prudence and diligence must have apprised him. It must therefore be admitted that appellant had knowledge of the fact that the order, as originally entered in the minutes, was intended to apply to this case, and to no other, and that the clerk made a clerical mistake in writing the names "Henry Rives" and "Henry Rivers" instead of Frank Rivers. It is not shown that appellant or his counsel were misled by these mistakes. Having knowledge of the facts, appellant was, in our opinion, bound by the record, and was required to take his appeal within 60 days after notice of the true state of the facts. In order to avail himself of the clerical mistakes made by the clerk, and to excuse his delay in taking this appeal, he must, at least, affirmatively show, to the satisfaction of this court, that he was deceived or misled by the entry as made, and that he was thereby deprived of his right to appeal within sixty days from the entry of the order in the minutes, without any fault or negligence upon his part. There is no such showing made in the records before us, and the appeal must therefore be dismissed, because not taken in time. It is so ordered.