# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## OCTOBER TERM, 1921

[No. 2496]

GIOVANNI BOTTINI, Respondent, *v*. LOUIS MON-
GOLO, JOHN GOTALLI, ANTONIO SEMENZA,
DOMENICO DAPOLI, JOHN AVANSINO, L. M.
CHRISTIANSON, JOHN MURRAY, JAMES
LYON, BENJAMIN BARBASH, LOUIS COHN;
MARY SILVEY (Now Known as Dora Silvey)
and Her Husband, JOHN A. SILVEY; MAR-
TINUS JENSEN, FRITZ NIEBUHR, PAUL
S. GREELEY, ALESIO CAPURRO; AUGUST
PETERSON, and ANNA M. PETERSON, His
Wife; HERBERT FLEISHACKER, AGGIE
HALL SCHEELINE, HARRY HALL SCHEE-
LINE, and AGGIE HALL SCHEELINE and
HARRY HALL SCHEELINE, Joint Executors
of the Estate of Moritz Scheeline, Deceased,
Appellants.

[197 Pac. 702]

1. Appeal and Error—Appeal Will Be Dismissed, where Tran-
script Was Not Filed within the Time Required.
    Supreme court rule 2 provides that a transcript of the
record on appeal shall be filed within thirty days after the
appeal has been perfected and the statement settled, while
rule 3 provides that if the transcript be not filed within the
time prescribed by rule 2, the appeal may be dismissed on

motion without notice, so that, where the transcript was not filed within thirty days after the appeal, and appellants were not entitled to have their bill of exceptions settled by the court, the appeal must be dismissed.

2. APPEAL AND ERROR—THIRTY-DAY LIMIT FOR FILING TRANSCRIPT RUNS FROM DATE OF SETTLEMENT OF BILL OF EXCEPTIONS.

Under supreme court rules 2, 3, providing for dismissal of appeal upon failure to file transcript within thirty days after perfecting the appeal, the time for filing the transcript of record would not begin to run until such settlement, but would run from a proper adjudication, denying appellant's right to settlement of bill of exceptions.

3. EXCEPTIONS, BILL OF—TO EXCUSE FAILURE TO FILE BILL ON GROUND THAT NOTICE OF FINAL ORDER DENYING NEW TRIAL WAS NOT GIVEN PROPER SHOWING AS TO WANT OF KNOWLEDGE MUST BE MADE.

Stats. 1915, c. 142, sec. 7, provides that bills of exceptions may be presented, served, and filed within twenty days after a motion for new trial has been determined, and section 10 as amended by Stats. 1919, c. 40, the time may be enlarged by order or stipulation, and where there was no extension and more than twenty days had elapsed since determination of motion for new trial, where defendants' counsel were not in court at such final determination, verbal statements, made in argument to this court, are an insufficient showing of their lack of knowledge to show error in refusal of lower court to settle the bill of exceptions.

4. APPEAL AND ERROR—PRESUMED THAT APPELLANT HAD KNOWLEDGE OF ORDER REFUSING NEW TRIAL WHICH STARTED TIME FOR FILING BILL OF EXCEPTIONS.

Where time for filing transcript depended on settlement of bill of exceptions and bill was not filed in time if order denying new trial was known to appellant on motion to dismiss appeal for failure to file transcript, it will be presumed, in absence of contrary showing, that appellant had knowledge of the order denying new trial.

5. EXCEPTIONS, BILL OF—FACTS HELD TO SHOW THAT APPELLANT HAD KNOWLEDGE OF MOTION FOR NEW TRIAL WHICH STARTED TIME TO FILE BILL.

Where counsel for appellant received information direct from the court that their motion for new trial was in part denied, and would be denied in toto if respondent within ten days thereafter filed his written consent to the modification of the judgment by striking therefrom the damages awarded, and within the time limited by court order they were informed by service of the copy of such written consent that it had been made in accordance with the order, and would be filed, appellant's counsel were placed on inquiry as to the status of their motion, and the means of knowledge were at hand by inquiry of the court clerk or inspection of the court's

minutes, so that they are not entitled to settlement of bill of exceptions after the expiration of the statutory limit of twenty days after final ruling on motion for new trial.

APPEAL from Second Judicial District Court, Washoe County; *Edward F. Lunsford,* Judge.

Action by Giovanni Bottini against Louis Mongolo and others. Judgment for plaintiff, and order entered denying a new trial, and the defendants appeal, and plaintiff moves to dismiss appeal. **Appeal dismissed.**

*Mack & Green* and *A. F. Lasher,* for Appellants.

*Huskey & Kuklinski,* for Respondent.

By the Court, DUCKER, J.:

This is a motion upon behalf of respondent to dismiss an appeal from the judgment and order of the court denying appellants' motion for a new trial. The ground of the motion is that no transcript of the record on appeal has been filed within thirty days after the appeal had been perfected. It is also stated in the notice of motion to dismiss that the time for the settlement of the bill of exceptions has long since expired, and that such time for filing the transcript of record has not been extended, either by stipulation of counsel or by order of court.

It appears from the certificate of the clerk of the district court, filed by the respondent in support of this motion, that on October 25, 1920, the court made the following order:

"The court, being fully advised in the premises, orders that the motion for a new trial on the injunctive relief sought is denied, but that, unless the plaintiff within ten days hereafter, file in this court his written agreement and consent that the judgment and decree may be modified by striking therefrom the damages awarded to him in the sum of $1,000, a new trial will be granted on the question of damages."

On November 3, 1920, the court made this order:

"It appearing from the files and records in this case that the plaintiff's consent to the modification of the judgment in the above-entitled case has been filed, therefore it is ordered that the motion for a new trial be denied."

It also appears from the certificate that on December 9, 1920, a notice of appeal from the judgment and from the order denying the defendants' motion for a new trial was filed and served upon plaintiff's attorneys, and on the same day an undertaking on appeal was filed; that a bill of exceptions was filed on December 27, 1920; and on January 3, 1921, objections to the certification and settlement of the bill of exceptions were filed on the ground that the same was not presented in the time provided by statute, and that such time was neither extended by stipulation of counsel nor by order of court; that defendants have not requested the clerk to certify a correct transcript of the record. It also appears from a certified copy of the order of the court filed in this court on the hearing of the motion to dismiss on February 23, 1921, as follows:

"Motion and objections were argued by respective counsel, and the court, being fully advised in the premises, ordered that plaintiff's objection, that the court is without jurisdiction, be, and the same is hereby, sustained, and the court for reasons stated declines to take any action on the bill of exceptions."

1. It is admitted that counsel for appellants were in court on October 25, 1920, when the court denied the motion for a new trial as to the injunctive relief obtained by respondent, and ordered that, unless respondent within ten days filed his consent to a modification of the judgment, striking the damages awarded, a new trial would be granted on the question of damages, and that they were not in court on November 3, 1920, when, on the filing of the consent to a modification, the court denied the motion for a new trial. It is also admitted that a copy of the consent to such modification was served on counsel for appellants. Further than is

stated above, appellants' counsel received no notice of either of the orders of the trial court denying a new trial. They contend that they were entitled to notice of the order made on November 3, 1920, before the time to prepare, serve, and file the bill of exceptions could begin to run.

The rules of the supreme court which respondent invokes in support of his motion to dismiss are rule 2, which reads:

"The transcript of the record on appeal shall be filed within thirty (30) days after the appeal has been perfected and the statement settled, if there be one."

—and rule 3, which in part provides:

"If the transcript of the record be not filed within the time prescribed by rule 2, the appeal may be dismissed on motion without notice."

2. As stated, the appeal was perfected on December 9, 1920. In conformity with the rule, the appeal should be dismissed, unless appellants are entitled to have their bill of exceptions settled by the court. If it is their right to have the bill of exceptions settled, the time for filing the transcript of record on appeal would not begin to move until such settlement. Was the court in error in declining to settle the bill of exceptions?

3. Section 7 of the Statutes of 1915, relating to bills of exceptions, on page 165, provides in part:

"Bills of exceptions provided for in section 2 of this act may be prepared, served and filed within twenty (20) days after a motion for a new trial has been determined," etc.

By section 10 of the act as amended in 1919 (Stats. 1919, c. 40) the several times specified therein may be enlarged by order or stipulation. The record discloses that the time for appellants to file their bill of exceptions has not been extended. Counsel for appellants contend that the court erred in declining to settle their bill of exceptions, notwithstanding more than twenty days had expired after their motion for a new trial had

been denied, for the reason that they had no notice of it. While admitting that they were in court on October 25, 1920, when a new trial was denied as to injunctive relief, they claim that the order of which they were entitled to notice was the order of November 3, 1920, finally denying the motion for a new trial on the question of damages; and, as they were not present then, neither their presence in court on October 25, nor the service on them of respondent's consent to the modification of the judgment, can operate to charge them with the knowledge of the fact that their motion for a new trial had been denied. No showing has been made by counsel for appellants as to their lack of knowledge that their motion for a new trial had been finally denied. The verbal statements to that effect, made on the argument in this court, do not constitute a sufficient showing as to this fact.

4, 5. In the face of the motion to dismiss involving the charges of laches as to the filing of a bill of exceptions, counsel should have made it appear of record in some affirmative way, if such was the fact, that they were without any knowledge of the denial of their motion for a new trial for more than twenty days after the order had been entered. In the absence of such a showing, it ought to be presumed that knowledge of the entry of the order had been imparted to them. We think, however, that the facts were sufficient to charge appellants' counsel with the duty of inquiry which would have led them to know that their motion for a new trial had been denied in toto on November 3, 1920. In 20 R. C. L. at page 346, there is a clear statement of the rule which is applicable to the facts in this case:

"Whatever puts a person fairly on inquiry is sufficient notice, where the means of knowledge are at hand; and if he omits to inquire, he is then chargeable with all the facts which by a proper inquiry, he might have ascertained. This, in effect, means that notice of facts which would lead an ordinarily prudent man to make an examination which, if made, would disclose the

existence of other facts, is sufficient notice of such other facts."

The rule was applied in Burbank v. Rivers, 20 Nev. 159, and is thus stated:

"Information which makes it the duty of a party to make inquiry, and shows where it may be made, is notice of all facts to which such inquiry would naturally lead. The law necessarily imputes to the litigant knowledge of a fact which the exercise of ordinary prudence and diligence must have apprised him."

On October 25, 1920, appellants' counsel were in court. At that time they received information direct from the court that their motion for a new trial was in part denied, and that it would be denied in toto if respondent, within ten days thereafter, filed his written consent to the modification of the judgment by striking therefrom the damages awarded. Within the time limited by the order of the court they were informed by the service of a copy of such written consent that it had been made in accordance with the order of the court, and would be filed. These facts were fairly calculated to put appellants' counsel on inquiry as to the status of their motion for a new trial. Their natural tendency was to suggest to counsel the expediency of keeping informed in regard to the minutes of the court. The means of knowledge were at hand. An inquiry of the clerk of the court or an inspection of the minutes of the court would have revealed the fact to which the facts in their knowledge clearly pointed. As the appellants are not entitled to have their bill of exceptions settled, and having filed no transcript of the record on appeal within the time required by rule 2 of the rules of the supreme court, it is ordered that their appeal be, and the same is hereby, dismissed.