DANIEL RAY BRIMAGE, Appellant, *v.* WARDEN,
NEVADA STATE PRISON, Respondent.

No. 10253

August 9, 1978                                         582 P.2d 375

*Horace R. Goff,* State Public Defender, *J. Thomas Susich,*
Chief Deputy Public Defender, and *J. Gregory Damm,* Deputy
Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, and *D. Geno Menchetti,*
Deputy Attorney General, Carson City; *George E. Holt,* Dis-
trict Attorney, and *H. Leon Simon,* Chief Appellate Deputy,
Clark County, for Respondent.

## OPINION

*Per Curiam:*

On October 1, 1975, in the Eighth Judicial District Court,
Clark County, Daniel Ray Brimage entered a solemn plea of
guilty to two (2) separate counts of robbery (NRS 200.380) and
use of a deadly weapon in the commission of those offenses
(NRS 193.165).

In April, 1977, Brimage petitioned the First Judicial District
Court for a writ of habeas corpus for post-conviction relief
contending (1) he had been denied effective assistance of coun-
sel in the Eighth Judicial District Court proceedings; and, (2)
his guilty plea was involuntary. Even though no opposition to

the petition was filed, it was summarily denied, without hearing, five months after it had been filed. The order recited that relief was being denied because Brimage "failed to file his Petition within one year following the entry of judgment of conviction, and upon his failure to show good cause for delay in failing to do so. . . ."

In this appeal, Brimage contends we are compelled to reverse because the district judge refused to (1) appoint counsel and (2) hear and resolve the allegations in the habeas petition. He argues that his uncontroverted allegations constitute a *prima facie* showing of good cause for his failure to present the claims within one year after conviction, as required by NRS 177.375(2). We agree.

We do not reach the merit, if any, of the appeal. Brimage's claims have not been considered and resolved, either from the record, or after an evidentiary hearing.[1] *See* Stewart v. Warden, 92 Nev. 588, 555 P.2d 218 (1976). *See also* Smith v. Yeager, 393 U.S. 122 (1968). *Cf.* Townsend v. Sain, 372 U.S. 293 (1963), and its progeny. Accordingly, we vacate the district judge's order dismissing the petition for post-conviction relief and remand this case for further proceedings, including the appointment of counsel to represent petitioner.

---

[1] After the appeal had been noticed, the Chief Appellate Deputy in the Clark County District Attorney's office, as counsel for respondent, designated and filed, as a "supplemental record on appeal," transcripts of the proceedings involving Brimage in the Eighth Judicial District Court. Those transcripts were not before the district judge in the post-conviction proceedings.