Bennie Scott LOVELAND,
Petitioner–Appellant,

v.

Sherman HATCHER, Respondent–
Appellee.

No. 99–17348.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2000.

Filed Nov. 3, 2000.

Danice A. Johnson, Assistant Federal Public Defender, Las Vegas, Nevada, for the petitioner-appellant.

Rene L. Hulse, Deputy Attorney General, Las Vegas, Nevada, for the respondent-appellee.

Before: THOMPSON, T.G. NELSON, and SILVERMAN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

In June of 1992, in Nevada state court, Bennie Scott Loveland, the petitioner, was found guilty of sexual assault. Although he was represented by retained counsel in that trial and for more than a year after his conviction, his counsel never filed either a direct appeal or a post-conviction relief petition. After Loveland's counsel withdrew as counsel of record, Loveland filed his own pro per state habeas petition. The Nevada courts dismissed his petition on the dual grounds that it was untimely and lacked merit. Loveland then filed a habeas petition in federal district court. The district court dismissed the petition on the ground that Loveland's claims were time-barred pursuant to Nevada's procedural bar rule.

In this appeal, Loveland contends the district court improperly applied the state procedural bar rule because (1) that rule is not an adequate and independent ground for the state's denial of his post-conviction relief petition, and (2) even if it is, his counsel's ineffectiveness constituted good cause excusing his state procedural default. We have jurisdiction pursuant to 28 U.S.C. § 2253. We reverse and remand to the district court for an evidentiary hearing on the good cause claim.

## BACKGROUND

In June of 1992, Loveland was found guilty, in Nevada state court, of one count of sexual assault and sentenced to fifteen years in prison. Loveland asserts that his family paid his trial counsel to file an appeal on his behalf. On August 12, 1993, Loveland's counsel withdrew as counsel of record without ever having filed a direct appeal or a post-conviction relief petition.

On October 4, 1993, Loveland filed his own pro per habeas corpus petition in the Nevada trial court. In that petition he asserted two claims: (1) that his counsel was constitutionally ineffective, and (2)

**642**

that the trial court had improperly excluded evidence of the victim's criminal history. The state trial court denied Loveland's petition on the merits. Loveland promptly appealed to the Nevada Supreme Court.

As of March 1997, the Nevada Supreme Court had not ruled on Loveland's appeal. Loveland then filed a petition for a writ of habeas corpus in the federal district court asserting that his due process rights had been violated because the Nevada Supreme Court had not ruled on his appeal from the denial of his state habeas petition. The state filed a Motion to Expedite Appeal with the Nevada Supreme Court. In November 1997, the Nevada Supreme Court affirmed the state trial court, stating,

> Appellant did not file his petition within the one-year time period as required by NRS 34.726(1),[1] and appellant has failed to demonstrate good cause and prejudice to overcome the procedural bar. Further, appellant has not presented claims supported by specific factual allegations which, if true, would entitle him to relief, and which are not belied by the record on appeal.

Loveland then filed an amended habeas petition in federal district court. In this amended petition he asserted two grounds for relief: (1) ineffective assistance of counsel during trial and sentencing, and (2) ineffective assistance of counsel in failing to file a direct appeal. The district court dismissed Loveland's petition, concluding that it was procedurally barred by Nevada law. The court granted a certificate of appealability, and this appeal followed.

**DISCUSSION**

Loveland contends the Nevada Supreme Court's holding that his claims were procedurally barred is not based on an adequate and independent state law ground because at the time he filed his state habeas petition, the Nevada state courts did not consistently apply Nevada Revised Statute § 34.726(1), and the Nevada Supreme Court at least partially denied his claims on the merits.

**I. Consistent Application of the Procedural Rule**

A state procedural bar rule is not adequate to preclude federal habeas review if the state rule is not consistently applied. *See Moran v. McDaniel,* 80 F.3d 1261, 1269 (9th Cir.1996). We have held that as of 1996, the Nevada Supreme Court consistently applied the state rule barring review of the merits of an untimely post-conviction relief petition unless the petitioner demonstrates cause and prejudice for his procedural default. *See id.* at 1269–70. Loveland contends, however, that back in 1993, when he filed his state habeas petition, the procedural bar rule was not consistently applied. Loveland relies on the Nevada Supreme Court's holdings in *Glauner v. Nevada,* 107 Nev. 482, 813 P.2d 1001 (1991) and *Brimage v. Warden, Nev. State Prison,* 94 Nev. 520, 582 P.2d 375 (1978). Those cases fail to support Loveland's contention.

In *Glauner,* the Nevada Supreme Court reversed and remanded a lower court's decision dismissing a post-conviction relief petition. The Nevada Supreme Court concluded that the petition was timely, but even if it was not, the petitioner could attempt to show cause and prejudice to excuse his default. *See Glauner,* 813 P.2d

1. Nevada Revised Statute § 34.726(1) (1997) provides:

Unless there is good cause shown for delay, a petition that challenges the validity of a judgment or sentence must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the supreme court issues its remittitur. For the purposes of this subsection, good cause for delay exists if the petitioner demonstrates to the satisfaction of the court:

(a) That the delay is not the fault of the petitioner; and

(b) That dismissal of the petition as untimely will unduly prejudice the petitioner.

at 1003.[2] Thus, in *Glauner*, the Nevada Supreme Court considered the procedural bar rule, but found it inapplicable.

In *Brimage*, the Nevada Supreme Court reversed a lower state court's dismissal of a petition on procedural grounds, concluding that the petitioner had made an unopposed prima facie showing of good cause for the default. *See Brimage*, 582 P.2d at 376.[3] While the Nevada Supreme Court did not discuss how the petitioner demonstrated good cause, it did not ignore the procedural bar but instead held that the petitioner's default was excused.

Not only do *Glauner* and *Brimage* fail to support Loveland's argument, they make it clear that in 1993, when the Nevada Supreme Court dismissed Loveland's post-conviction habeas petition, in part because it was time-barred, that court had consistently applied the state's procedural bar rule.

## II. Grounds for Denial of Loveland's Petition

Had the Nevada Supreme Court dismissed Loveland's post-conviction habeas petition by applying the state's procedural bar rule without reaching the merits of Loveland's federal constitutional claims, there would be no question that the district court was precluded from considering Loveland's federal petition. The Nevada Supreme Court, however, denied Loveland's petition both on the merits *and* by applying the state's procedural bar rule.

■ In such a case, *if it is unclear* whether the state court dismissed the petition because of a state law procedural default or on the merits of the petitioner's federal constitutional claims, a federal court may review the merits of the claims presented. *See Siripongs v. Calderon*, 35 F.3d 1308, 1317 (9th Cir.1994). "[U]nless the state court makes clear that it is rest-ing its decision denying relief on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds, and the petitioner may seek relief in federal court." *Id.* However, if the state court's reliance upon its procedural bar rule was an independent and alternative basis for its denial of the petition, review on the merits of the petitioner's federal constitutional claims in federal court is precluded. *See Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir.1992) (en banc) (*citing Coleman v. Thompson*, 501 U.S. 722, 733–751, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) and *Harris v. Reed*, 489 U.S. 255, 263 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)).

Here, the Nevada Supreme Court relied on an adequate and independent state law ground when it dismissed Loveland's petition by applying Nevada's procedural bar rule, even though that court also dismissed the petition on the merits. This differs from the California Supreme Court's dismissal of the state petition in *Siripongs*. In *Siripongs*, the California Supreme Court stated that the petition was "DENIED both for reasons of procedural default and on the merits." 35 F.3d at 1316. There, in addressing the procedural bar question, we held that the California Supreme Court "did not expressly state that each of the claims were denied on the basis of an independent procedural bar. . . ." *Id.* By contrast, the Nevada Supreme Court, in dismissing Loveland's state habeas petition, independently stated that his petition was procedurally barred because it was untimely and then separately concluded that his claims were without merit.

---

**2.** The *Glauner* court's analysis was based on Nevada Revised Statute § 177.315, which prescribed a one-year rule for a petition for post-conviction relief. *See* Nev.Rev.Stat.Ann. § 177.315 (Michie 1991) (repealed January 1, 1993). A party may also petition for a writ of habeas corpus under Nevada Revised Statute § 34.360. *See* Nev.Rev.Stat. § 34.360 (1999).

**3.** The *Brimage* case dealt with Nevada Revised Statute § 177.375(2). *See* Nev.Rev.Stat. Ann. § 177.375 (Michie 1991) (repealed January 1, 1993).

*See, e.g., Bargas v. Burns,* 179 F.3d 1207, 1214 & n. 4 (9th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 1686, 146 L.Ed.2d 493 (2000) (concluding that the Nevada Supreme Court's alternative holding denying the petition on the merits did not mean that its holding was not based on an adequate and independent state ground of procedural default).

The Nevada Supreme Court's dismissal of Loveland's petition, therefore, bars consideration of his federal constitutional claims unless he can show cause and prejudice for his state procedural default.

### III. Cause and Prejudice for State Procedural Default

■ The lack of effective assistance of counsel, as provided for by the Sixth Amendment, can be sufficient cause for a failure to comply with a state's procedural bar rule. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). To establish good cause on the ground of ineffective assistance of counsel, a petitioner must show that (1) counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, without holding an evidentiary hearing, the district court concluded that Loveland's counsel's failure to file a direct appeal neither caused Loveland's default in failing to file a timely post-conviction relief petition in state court nor prejudiced Loveland. We conclude that before these issues can be resolved, an evidentiary hearing on the good cause claim is required.

■ On that claim, Loveland contends that his counsel's failure to file a direct appeal or inform him of his right to file a direct appeal caused his untimely filing of his state post-conviction relief petition.[4] The district court rejected this contention, reasoning that Loveland's state procedural default was caused by his own untimely filing of his pro per state habeas petition, not his counsel's failure to file a direct appeal. We disagree because, according to Loveland's allegations, he believed his retained counsel was pursuing his direct appeal, and that was why he did not file his state habeas petition when he should have.

■ If a defendant reasonably believes that his counsel is pursuing his direct appeal he most naturally will not file his own post-conviction relief petition. Indeed, a defendant could seriously prejudice his case if he were to prepare and file a habeas petition while his counsel was pursuing his direct appeal. We conclude, therefore, that a defendant's reliance on his counsel to file a direct appeal is sufficient cause to excuse the defendant's procedural default in failing to file a timely post-conviction relief petition, *provided that* the defendant establishes (1) he actually believed his counsel was pursuing his direct appeal, (2) his belief was objectively reasonable, and (3) he filed his state post-conviction relief petition within a reasonable time after he should have known that his counsel was not pursuing his direct appeal. *See Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000).

In support of his actual and reasonable belief that his lawyer was pursuing his direct appeal, Loveland alleges that his family retained the lawyer to represent him at trial and on appeal, and that he asked this lawyer, both before and after his conviction, to pursue certain issues. He asserts that the lawyer never told him the appeal would not be pursued as Loveland desired. Just what the actual facts are, we do not know. The district court

---

4. Loveland correctly does not assert that his counsel's failure to file a post-conviction petition caused his procedural default because a defendant does not have the right to effective assistance of counsel while seeking post-conviction relief. *See Coleman,* 501 U.S. at 752, 111 S.Ct. 2546; *Bargas,* 179 F.3d at 1215.

did not hold an evidentiary hearing, and as a result we cannot determine whether Loveland actually relied on his counsel to file a direct appeal and, if he did, whether that reliance was reasonable. *See Manning v. Foster*, 224 F.3d 1129 (9th Cir. 2000) (remanding to the district court for a limited factual hearing to determine whether an attorney's actions effectively prevented a habeas petitioner from learning of and pursuing his right to petition for state post-conviction relief within one year of his conviction, where counsel failed to file a direct appeal from his client's conviction and subsequently misinformed him that his only remaining option was to file a motion to reconsider the sentence). Accordingly, we remand to the district court for an evidentiary hearing on these questions.

■ If Loveland establishes good cause for his state procedural default based on ineffective assistance of counsel, he will have also established the prejudice necessary for excusing his default. *See Id.* at 1135 (holding that "[w]here an attorney fails to file an appeal, and the petitioner can prove that he would have appealed 'but for' counsel's failure to file, prejudice is presumed"); *Flores–Ortega*, 528 U.S. at ——, 120 S.Ct. at 1039 ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.").

## CONCLUSION

We reverse the district court's dismissal of Loveland's federal habeas petition, and remand to the district court for an evidentiary hearing to determine whether Loveland's counsel was ineffective in not pursuing Loveland's direct appeal and if so, whether that ineffectiveness excused Loveland's procedural default in failing to file a timely post-conviction relief petition in state court.

REVERSED and REMANDED.