Bennie Scott **LOVELAND**,
Petitioner—Appellant,

v.

Sherman **HATCHER**, et al.,
Respondent—Appellee.

No. 01–16512.

D.C. No. CV–97–00315–PMP.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2002.*

Submission Deferred April 17, 2002.

Resubmitted Nov. 1, 2002.

Decided Nov. 1, 2002.

Appeal from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, THOMAS, and W. FLETCHER, Circuit Judges.

### ORDER

This case is resubmitted effective October 25, 2002.

### MEMORANDUM \*\*

Bennie Scott Loveland ("Loveland") appeals from the district court's dismissal of his second amended federal habeas petition. The district court held that Loveland failed to demonstrate cause and prejudice to overcome a state law procedural default. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

In a previous ruling, the district court dismissed Loveland's federal habeas petition based on Loveland's failure to comply with Nevada's timeliness rule, Nev.Rev. Stat. § 34.726(1), in filing his state habeas petition. On appeal, we held that Loveland's petition was procedurally defaulted, but reversed and remanded to allow Loveland to present evidence that his default should be excused. *Loveland v. Hatcher*, 231 F.3d 640, 645 (9th Cir.2000).

In that appeal, Loveland argued that his trial counsel failed to perfect an appeal despite instructions to do so. Loveland maintained that he filed his state habeas petition after the one year time limit because he reasonably believed his trial counsel was pursuing that appeal.

On remand the district court held an evidentiary hearing. At the conclusion of the hearing, the district court found that Loveland's counsel was instructed not to file a direct appeal and that Loveland did

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

not reasonably rely on a belief that his counsel was filing a direct appeal. These findings are supported by evidence in the record and are not clearly erroneous. *See Silva v. Woodford,* 279 F.3d 825, 835 (9th Cir.2002) (findings of fact reviewed for clear error).

The district court concluded that Loveland's procedural default was not excusable. The district court correctly applied the law. *See Loveland,* 231 F.3d at 644–45. The dismissal of Loveland's federal habeas petition was proper and the judgment is AFFIRMED.