**Gabriel Louis HERNANDEZ,
Petitioner–Appellant,**

**v.**

**R.A. CASTRO, Warden; et al.,
Respondents–Appellees.**

**No. 02–55105.
D.C. No. CV–00–00588–RT.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 19, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

**MEMORANDUM****

Gabriel Louis Hernandez, a California state prisoner, appeals the district court's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dismissal of his 28 U.S.C. § 2254 petition challenging his conviction and 25–years–to–life sentence for inflicting injury on a co-habitant and using methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Hernandez contends the district court erred in concluding that he had procedurally defaulted his as-applied constitutional challenge to California Evidence Code section 1370. He first argues that federal review is warranted because the state court discussed the merits of the evidentiary objection in addition to finding it procedurally barred. He is incorrect. California's contemporaneous objection rule is an adequate procedural bar. *Chein v. Shumsky,* 323 F.3d 748, 751–52 (9th Cir.2003). Even if a state court reaches the merits of a federal claim in the alternative, federal review is barred "as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." *Harris v. Reed,* 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *see also Loveland v. Hatcher,* 231 F.3d 640, 643–44 (9th Cir.2000).

Hernandez further argues that the procedural bar rule was improperly invoked by the California Court of Appeal because he did in fact object to the admission of the statements as required. This contention is belied by the record. Although Hernandez raised arguments in the trial court that support a facial constitutional challenge, the California Court of Appeal correctly held that, prior to his direct appeal, Hernandez failed to object to the evidence on the ground that it lacked sufficient indicia of reliability. *See Guam v. Cepeda,* 69 F.3d 369, 373 (9th Cir.1995) (holding that statements falling within a hearsay exception are ordinarily admissi-ble under the Confrontation Clause if the prosecution demonstrates the unavailability of the declarant, and the statements are accompanied by adequate indicia of reliability).

AFFIRMED.