**James Lloyd FELDER, Petitioner— Appellant,**

v.

**Robert HILDRETH, Respondent— Appellee.**

No. 04–17436.

D.C. No. CV–02–00623–RLH.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.[*]

Decided May 16, 2005.

James Lloyd Felder, Indian Springs, NV, pro se.

Thom Gover, Conrad Hafen, AGNV–Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM[**]

Nevada state prisoner James Lloyd Felder appeals the district court's order dismissing in part his 28 U.S.C. § 2254 petition on procedural default grounds. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

When Felder raised the claims at issue in state court, the Nevada Supreme Court determined that they were procedurally barred under Nev.Rev.Stat. § 34.726 because Felder had failed to raise them within the applicable one-year time limit and had failed to show good cause to excuse the delay. We have previously held that Nev.Rev.Stat. § 34.726 constitutes an independent and adequate state bar for the purposes of precluding federal habeas review. *See Loveland v. Hatcher,* 231 F.3d 640, 642 (9th Cir.2000); *Moran v. McDaniel,* 80 F.3d 1261, 1268–70 (9th Cir.1996). Upon review of the record, we conclude that Felder has not demonstrated cause and prejudice and/or actual innocence to overcome the default. *See Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Accordingly, the district court correctly dismissed Felder's first seven claims.

The uncertified issue presented by Felder in his appellate briefs filed with this

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court is treated as a motion to expand the certificate of appealability and is denied. *See* 9th Cir. R. 22–1(e).

**AFFIRMED.**