NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOTON CHAN, | No. 10-55285 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00729-DSF-OP |
| v. | |
| JAMES A. YATES, Warden of Pleasant Valley State Prison, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 1, 2011[**]
Pasadena, California

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Soton Chan appeals the district court's denial of his 28 U.S.C. § 2254 habeas

corpus petition challenging his California convictions for second degree murder

and attempted second degree murder.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chan argues that the prosecutor committed misconduct by commenting that one witness was intoxicated while on the stand and another witness had a trembling lip while testifying. He also claims that the trembling lip comments were vouching and that defense counsel was ineffective for failing to object to the comments during trial.

The state court ruled that Chan procedurally defaulted his prosecutorial misconduct claims by failing to object at trial. Because this is an independent and adequate state ground, federal habeas relief was properly denied. *Loveland v. Hatcher*, 231 F.3d 640, 643-44 (9th Cir. 2000); *Rich v. Calderon*, 187 F.3d 1064, 1070 (9th Cir. 1999).

Likewise, because Chan has not established that counsel was ineffective, he has not shown cause and prejudice to excuse his procedural default. The state court reasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), by holding that defense counsel made a reasonable tactical decision to directly refute the prosecutor's comments, instead of objecting. "[D]eference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam).

In any event, the state court reasonably applied *Darden v. Wainwright*, 477 U.S. 168 (1986), when it held, even assuming no procedural default, that the prosecutor's comments did not deny Chan his due process right to a fair trial. Counsel are permitted to comment on the witnesses' demeanor during testimony, manifestations occurring in open court that the jury can see and evaluate for itself. *Allen v. Woodford*, 395 F.3d 979, 997 (9th Cir. 2005). Nor did the prosecutor claim to have any personal knowledge of the witness' veracity or imply that evidence not presented at trial established that the witness was telling the truth. There was no vouching. *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993).

We decline to grant a certificate of appealability for the uncertified claims raised by Chan.

AFFIRMED.