**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK RENTERIA,

    Petitioner - Appellant,

 v.

R. J. SUBIA, Warden,

    Respondent - Appellee.

No. 08-56135

D.C. No. 5:07-cv-00776-JVS-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted September 2, 2011[**]
Pasadena, California

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

 Patrick Renteria appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition challenging his California convictions for murdering his wife,

dissuading a witness, and felony child endangerment. We affirm.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The state court ruled that Renteria procedurally defaulted his Confrontation Clause challenge to his daughter's videotaped interview by failing to object at trial. Because this is an independent and adequate state ground, federal habeas relief was properly denied. *Loveland v. Hatcher*, 231 F.3d 640, 643-44 (9th Cir. 2000); *Rich v. Calderon*, 187 F.3d 1064, 1070 (9th Cir. 1999). The state ruling did not lose its independence merely because the state court ruled in the alternative on the merits. *Loveland*, 231 F.3d at 643-44.

Likewise, because Renteria has not established that counsel was ineffective for not objecting, he has not shown cause and prejudice to excuse his procedural default. The record establishes that counsel made a reasonable tactical decision not to assert an objection that lacked merit.

In any event, the state court reasonably held that *Crawford* did not apply because Renteria had an opportunity to cross-examine his daughter at trial, but declined to cross-examine a "very cute" five-year-old. *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004).

Nor did the state court unreasonably reject the *Crawford* challenge to Anthony Marin's testimony. The challenged statement, which was not testimonial and was admitted as non-hearsay, did not implicate confrontation rights. *Id.*; *Tennessee v. Street*, 471 U.S. 409, 416-17 (1985).

2

Finally, the state court reasonably held that an erroneous felony child endangerment jury instruction did not deprive Renteria of his due process right to a fair trial. The state court reasonably held that the prosecutor's closing argument clarified any ambiguity that the state had to prove both the possibility for great bodily harm and mental suffering to establish felony child abuse. *Middleton v. McNeil*, 541 U.S. 433, 438 (2004).

We decline to expand the certificate of appealability to include the uncertified and unexhausted claim raised for the first time in this appeal. *Lopez v. Schriro*, 491 F.3d 1029, 1039 (9th Cir. 2007). We also deny counsel's request to appoint him to exhaust the uncertified claim in state court.

AFFIRMED.