NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE LOUIS THOMPSON, | No. 16-15203 |
| Petitioner-Appellant, | D.C. No. 4:12-cv-02850-CW (PR) |
| v. | |
| G. J. JANDA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted May 14, 2018
San Francisco, California

Before: WALLACE and N.R. SMITH, Circuit Judges, and BATTS,** District Judge.

Petitioner-Appellant Willie Louis Thompson appeals from the district court

order denying him habeas relief under 28 U.S.C. § 2254. We have jurisdiction

pursuant to 28 U.S.C. § 2253(a). We review *de novo*. *Greene v. Lambert,* 288 F.3d

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Deborah A. Batts, United States District Judge for the Southern District of New York, sitting by designation.

1081, 1089 (9th Cir. 2002).

Under AEDPA, we may only grant a habeas petition if the underlying state court's decision is (1) "contrary to" or an "unreasonable application of[ ] clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see also Tak Sun Tan v. Runnels*, 413 F.3d 1101, 1111–12 (9th Cir. 2005) (explaining standard). This is a "'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)).

**1.** <u>Calls for Justice.</u> The California Court of Appeal did not unreasonably apply federal law in determining that the prosecutor's appeals to the conscience of the community did not constitute misconduct. "An appeal to the jury to be the conscience of the community is not impermissible unless it is 'specifically designed to inflame the jury.'" *United States v. Koon*, 34 F.3d 1416, 1444 (9th Cir. 1994) (quoting *United States v. Williams,* 989 F.2d 1061, 1072 (9th Cir. 1993); *United States v. Lester,* 749 F.2d 1288, 1301 (9th Cir. 1984)). No prejudicial error will be found where the comment is isolated and the court instructs the jury that its function is to determine guilt or innocence based on the evidence of the case, and

not counsel's statements. *See Koon*, 34 F.3d at 1445. The trial court instructed the jury on the prosecutor's comments both at the time the comments were made and also in its general jury instructions. Viewed in the context of Petitioner-Appellant's trial and appellate record on the whole, we do not conclude the prosecutor's statements "affected the jury's ability to judge the evidence fairly." *Williams*, 989 F.2d at 1072. We affirm the district court's ruling on this ground.

**2.**     Felon Status. Nor did the California Court of Appeal unreasonably apply federal law when it determined that the prosecutor's reference to the defendants as felons resulted in no denial of Due Process. While it was inappropriate for the prosecutor to contravene an *in limine* order of the trial court by referring to the defendants as felons in his closing statements when discussing the murder charges, they did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quotation marks and citation omitted). The jury was already aware that defendants were felons (the trial court told the jury that defendants had stipulated as such), and the trial court also instructed the jury to consider the murder and felon-in-possession charges separately. Therefore, as the California Court of Appeal noted, "the prosecutor's closing remarks, when read in context, did not so exploit the admission into evidence of Defendants' felon status as to require reversal." We affirm the district court's ruling on this ground.

3

**3.** <u>Procedural Default.</u> Because Petitioner-Appellant's trial counsel did not object at trial to the prosecutor's statements comparing Defendants to "pack animals," that claim is procedurally defaulted. *Jackson v. Giurbino*, 364 F.3d 1002, 1006–07 (9th Cir. 2004). The California Court of Appeal expressly invoked counsel's failure to object as a state procedural bar. Thus, we are also unable to review this claim because the state court's "procedural bar rule was an independent and alternative basis for denial of the petition." *Loveland v. Hatcher,* 231 F.3d 640, 643 (9th Cir. 2000); *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

**4.** <u>*Strickland.*</u> Given the "doubly deferential" standard for ineffective assistance claims in the habeas corpus context, *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003), the state court did not unreasonably apply *Strickland v. Washington,* 466 U.S. 668 (1984). The prosecutor's language concerning "pack animals," while colorful, did not prejudice the defense. The remarks were even less extreme than those of the prosecutors in *Darden*, where the Supreme Court found no constitutional violation. *Darden*, 477 U.S. at 180 nn.10–12. We decline to grant habeas relief on this ground.

**AFFIRMED.**