**Larry Dean DeYOUNG, Petitioner—Appellant,**

v.

**Dora B. SCHRIRO, Director; * Arizona Attorney General, Respondents—Appellees.**

No. 04–16345.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2006.

Filed Sept. 12, 2006.

---

* Dora B. Schriro is substituted for her predecessor, Terry L. Stewart, as Director of the Arizona Department of Corrections. Fed. R.App. P. 43(c)(2).

Tara K. Allen, Law Office of Tara K. Allen, Bigfork, MT, for Petitioner–Appellant.

Aaron J. Moskowitz, Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

BEFORE: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Larry Dean DeYoung ("DeYoung") appeals the district court's denial of his petition for writ of habeas corpus. This Court has jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial, *Collier v. Bayer*, 408 F.3d 1279, 1281 (9th Cir.2005), and we affirm. DeYoung procedurally defaulted all of the challenged claims except the involuntary-waiver-of-counsel claim, which we reject on the merits.

■ Federal review of DeYoung's other claims is barred because he failed to exhaust them. *See* 28 U.S.C. § 2254(b)(1); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.2002). He did not "fairly and fully present" these claims to the Arizona Court of Appeals. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir.2005). DeYoung did not appeal the state court's dismissal of these claims or assert them on direct appeal. He did not fairly present the claims in his fifth post-conviction petition when he argued that his counsel was ineffective for failing to raise them. *Cf. Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (explaining that for pur-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

poses of exhaustion "[i]t is not enough that ... a somewhat similar state-law claim was made").

█ DeYoung did not procedurally default his claim for involuntary waiver of counsel because the state court's procedural rule was inadequate to bar federal review as applied to this particular claim. *See Harris v. Reed,* 489 U.S. 255, 260–61, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). Even if the state procedural rule is firmly established and regularly followed, it is inadequate to preclude federal review where the rule frustrates exercise of a federal right. *See Hoffman v. Arave,* 236 F.3d 523, 531 (9th Cir.2001). Here, almost all involuntary-waiver-of-counsel claims are barred by the state rules rejecting claims that (1) are not raised in trial court or (2) are based on errors the petitioner contributed to. One must affirmatively assert a waiver of counsel, so one always "contributes" to the error and it would be extremely rare for the person asserting the waiver to object at the same time to the court's acceptance of that assertion. We may, therefore, review DeYoung's involuntary-waiver-of-counsel claim.

█ We review the merits of DeYoung's involuntary-waiver claim and conclude that the state court's rejection of this claim was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). A state-court decision is contrary to federal law when the state court fails to identify the correct legal standard. *Williams v. Taylor,* 529 U.S. 362, 405–07, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). While the state court did not cite any Supreme Court cases, it properly identified the relevant standard: Is the waiver knowing, voluntary, and intelligent. *See Iowa v. Tovar,* 541 U.S. 77, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) (Constitution requires waiver of counsel be knowing, voluntary, and intelligent); *Clark*

*v. Murphy,* 331 F.3d 1062, 1071 (9th Cir. 2003) (state court need not cite Supreme Court case if it uses the correct principle). A state court unreasonably applies federal law if the state court identifies the correct governing legal principle, but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1067 (quotation marks and citation omitted). We hold that the state court properly applied the legal principles to the facts in finding that DeYoung's waiver of counsel was knowing, voluntary, and intelligent.

We therefore AFFIRM the district court's denial of DeYoung's habeas petition.